UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUKE AMMON PREACHER,<br><br>                Plaintiff,<br><br>    v.<br><br>ERIC J. HOLDER, JR. and D. BERKOBILE, Warden,<br><br>                Respondents. | Case No. 4:14-cv-00295-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Luke Ammon Preacher's ("Preacher") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1). For the reasons set forth below, the Court enters the following Order transferring the Petition to the District of Colorado.

## BACKGROUND

On December 18, 2000, the Court sentenced Preacher to a term of imprisonment of 168 months for the offense of aggravated sexual abuse of a child committed within Indian Country in violation of 18 U.S.C. §§ 2241(c) and 1153. *Judgment*, Dkt. 16 in Case No. 4:00-cr-00064-BLW. At the time he filed the Petition, he was an inmate at the United States Penitentiary ADMAX facility in Florence, Colorado. *Petition*, Dkt. 1-2.

**MEMORANDUM DECISION AND ORDER - 1**

Preacher's Petition contains three claims. The first and third claims request a change in release date to April 25, 2014 from December 18, 2014 and release pursuant to that change. The second claim is unclear. It simply states that 18 U.S.C. § 4246, which addresses hospitalization of a person due for release but suffering from a mental disease or defect, was impliedly repealed by 18 U.S.C. § 4248, which addresses civil commitment of a sexually dangerous person. As best the Court can determine, Petitioner is challenging a proceeding under § 4246. However, it may be that he is challenging a proceeding instituted under § 4248 as well.

## DISCUSSION

1. **Sentence Calculation**

A petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 is the mechanism for challenging "the manner, location, or condition under which a sentence is executed" and must be filed in the *custodial* court. *Harrison v. Ollison*, 519 F.3d 952, 956 (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)). On the other hand, challenges to the legality of a sentence are filed in the *sentencing* court pursuant to 28 U.S.C. § 2255. *Id*.

Here, Preacher appears to be challenging the Bureau of Prison's calculation of his sentence in light of the Court's recommendation that he be given credit for time served in tribal court. *Petition, Ex. A., Sent. Tr. Excerpt*, Dkt. 1-1. He is not challenging the legality of the sentence.

**MEMORANDUM DECISION AND ORDER - 2**

Although a court may recommend credit for time served, it is the responsibility of the Bureau of Prisons rather than the district court to calculate that credit. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). In order to challenge the Bureau of Prisons' decision regarding credit for time served, a prisoner must first exhaust his administrative remedies within the Bureau of Prisons. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); 28 C.F.R. ss. 542.10 to 542.16. He may then seek judicial review of any adverse decision by filing a habeas petition under 28 U.S.C. § 2241 in the United States District Court in the district in which he is incarcerated. *Id*.

Here, Preacher indicates that he has exhausted his administrative remedies. *Petition* at 2. Hence, assuming he did so, he properly filed a § 2241 petition. The Court notes that Preacher properly named the Warden as a Respondent. However, he filed the petition in the *sentencing* court rather than the *custodial* court.

**2.     Hospitalization or Commitment Issue**

As stated above, it is unclear to the Court what Preacher is asserting in his second claim. However, whether he is challenging a proceeding instituted pursuant to 18 U.S.C. § 4246 or one instituted pursuant to 18 U.S.C. § 4248, that challenge cannot be made before this Court. Proceedings under either statute are commenced in the court in the district in which a prisoner is incarcerated. *See* 18 U.S.C. § 4246(a) and § 4248(a). Accordingly, if a proceeding has been commenced against Preacher under either statute,

it would have been in the District of Colorado and any challenge must be made in that jurisdiction.

## ORDER

**IT IS ORDERED** that Luke Ammon Preacher's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **TRANSFERRED** to the District of Colorado and that this case be closed.

DATED: October 14, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 4**